## Case No. 10,582.

### In re ORNE.

[1 Ben. 420;[1] 1 N. B. R. 79; Bankr. Reg. Supp. 18; 6 Int. Rev. Rec. 116.]

District Court, S. D. New York. Sept. 23, 1867.

BANKRUPTCY — DUTY OF REGISTER — AMENDMENT OF SCHEDULES—ABBREVIATIONS—NOTES AND JUDGMENTS.

1. Registers in bankruptcy are charged with the general supervision and care of cases referred to them.

2. If, at any stage of proceedings before him, a register determines that a bankrupt's schedules are insufficient, he may of his own motion order them to be amended.

[Cited in Re Clark, Case No. 2,808.]

3. Where the register makes an order that a bankrupt's schedule be amended, the order ought to specify particularly the respects in which it is to be amended.

[Cited in Re Heller, Case No. 6,339.]

4. It is necessary for a bankrupt to state in his schedules, whether or not any note has been given, or any judgment rendered, for every debt, and whether or not any person is liable with the debtor, as a partner or joint contractor.

[Cited in Re Heller, Case No. 6,339.]

5. What is a sufficient statement of those facts is a matter of discretion with the register.

6. The use of dots or contractions, in the schedules, to indicate a repetition of words previously used, is forbidden by rule 14 of the general orders in bankruptcy.

[In the matter of Freeman Orne, a bankrupt. This case was first heard upon proof of debt of Pope & Co., and as to certain offsets to the same claimed by the bankrupt. See Case No. 10,581.]

BLATCHFORD, District Judge. In this case, the petition of the debtor, with sched-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

ules attached, was filed on the 27th of June. On the 29th of June. the register certified the papers to be correct, and adjudged the petitioner a bankrupt, and a warrant was issued to the marshal, returnable August 7th. On that day a meeting of creditors was held, which was adjourned from time to time, until the 4th of September, when an assignee was appointed. In schedule A to the petition, there was no averment whether the bankrupt contracted the debts set forth individually, or as copartner. In many cases, it was stated in such schedule that judgment had been obtained, by merely inserting the word "judgment" in the last column of schedule A, No. 3; and in many cases in that form there was no statement affirmatively or negatively, as to judgments or notes. In the same form there was used, in many cases. the contraction "do. do.," or the reference (" " " " "), as applied to language and words used before and above such marks.

When the proofs of debt came to be made and filed, it was found that in two cases (both on the debtor's schedules A) the proof was against the bankrupt jointly with other persons, his partners. This was the first knowledge the register had of any partnership of the bankrupt.

In view of this fact of partnership. and the contractions and references referred to above, the register made an order, on the 7th of September, as follows: "It appearing in the course of proceeding, in this entitled matter, that the schedules heretofore filed by the petitioner, and upon which an adjudication of bankruptcy was made, are incorrect and deficient, and do not meet the requirements of the law, it is ordered that the said Freeman Orne make and file a properly verified statement of his unsecured debts, which shall be as an amendment to schedule A, No. 3, heretofore filed, which amendment to the said schedule shall set forth fully the various facts rendered necessary by the requirements of the law, as shown in the notes of instruction and headings ordered for use in said schedule A. No. 3, by the rules of the supreme court. and that such amendments shall be made and filed, on or before the 14th day of September, A. D. 1867."

On the 14th of September, the bankrupt appeared and objected to the order, as one which the register had no power to make, and prayed that five several points, as an appeal from the action of the register, might be certified to the judge for his decision.

1. Whether the register. after an adjudication of bankruptcy, and accepting the surrender of the bankrupt. and issuing a warrant, and the holding of the first meeting of creditors, and the choice or appointment of an assignee. can, of his own motion, and not upon the motion of the assignee. or of some creditor who has proved his claim, order an amendment of the bankrupt's schedule of creditors. theretofore filed by him, to be made by the bankrupt.

In regard to this question, the register states, that he is clearly of the opinion that the register can, of his own motion, order such amendments: that rule 5. of the supreme court, specifies "ordering amendments," as one of the acts the registers may perform, under the orders of the court referring cases to them, and that he ought to do so from the fact that otherwise (the certificate of correctness by the register being considered conclusive) oversights could not be corrected, nor could a condition of facts arising in the course of proceedings, be taken notice of, as in this case.

The register is correct in this view. By section thirty-two of the act [of 1867 (14 Stat. 532)], the court is forbidden to grant a discharge to the bankrupt, unless it appears to the court that he has, in all things, conformed to his duty under the act; and the form of discharge prescribed by that section contains a recital that the bankrupt "appears to have conformed to all the requirements of law in that behalf." Where a case has been conducted before a register. as all cases are required to be by the act. it is impossible for the court to determine whether the bankrupt has conformed to all the requirements of the act, unless the register first makes an examination as to that question, and certifies the result to the court. It is a necessary incident of the provision of the act, that the bankrupt must conform to all its requirements before he can have a discharge. that the court, and the register, acting as the court, when a case is referred to him, should have the power at all times to require the bankrupt to conform to the requirements of the act. An error, whenever discovered, must be corrected, no matter what proceedings have theretofore taken place. The 33d rule of the general orders in bankruptcy shows, that when a debtor "omits to state in the schedules annexed to his petition any of the facts required to be stated. concerning his debts or his property," the court, or the register acting as the court. is "to determine whether to admit the schedules as sufficient, or to require the debtor to make further efforts to complete the same. according to the requirements of the law." This determination may be made by the register, of his own motion. and at any stage of the proceedings. and. if he determines that the schedules are insufficient, he may order them to be amended.

2. Whether it is necessary and requisite to a compliance with the requirements of the law, as shown in the notes of instruction. and headings to schedule A, No. 3, when no note has been given by the bankrupt, or no judgment has been obtained against him. for or on account of the debt stated, in addition to stating what is the consideration of the debt. to state that no note has been given, or no judgment has been rendered by or against the bankrupt: and, also. in case the bankrupt be solely liable for the debt. whether it is necessary to state thereunder that no person

is liable with him as copartner or joint contractor.

In regard to this question, the register states, that he thinks the supreme court intended, by the headings and notes of instruction referred to, that the fact of the existence of a judgment or a note, &c., should be affirmed or negatived, and not be left to implication or suggestion.

I think that it is necessary to state. in the schedules, whether or not any note has been given, or any judgment has been rendered, and, also, whether or not any person is liable with the debtor, as copartner or joint contractor. What shall be considered a sufficient form of statement in those respects, is necessarily a matter allowing of some latitude of discretion on the part of the register.

3. Whether the said order (if the register, under the circumstances, has power to make it) should not specify, particularly, the respects in which the schedules are, in the opinion of the register, defective. and in which the schedules should, in the judgment of the register, be amended.

In regard to this question, the register says, that he considers an order that the schedules conform to the notes of instruction and headings of the blanks and forms, sufficiently specific to guide the attorney or bankrupt in making amendments, assuming ordinary care and intelligence on the part of practitioners.

I think that the order ought to specify, particularly, the respects in which the schedules are, in the opinion of the register, defective, and in which they should, in his judgment, be amended.

4. Whether, under rule 14 of the supreme court, which requires that "all petitions. and the schedules filed therewith, shall be printed or written out plainly, and without abbreviation or interlineation, except where such abbreviation or interlineation may be for the purpose of reference," it is permissible to refer to an above written word or statement, as follows:

| Name. | Residence. |
|-------|-----------|
| A. B. | New York City. |
| C. D. | " " " |

using the customary marks (" ") to refer to the above written words.

In regard to this question the register states that he thinks the rule precludes the use of dots to indicate anything necessary to be stated. I concur with the register.

5. It is supposed that one of the defects and errors in the schedule referred to in the order, as appearing in the course of proceedings in the matter of Orne, is the omission in stating the debt scheduled as William H. Earle's. to state that the bankrupt was jointly liable with any other person. It appeared, by the proof of debt offered by the said creditor, that the debt exists as a judgment against two other persons jointly with the bankrupt, and another defect or omission appeared by the fact that, at the first meeting. a creditor whose name was not on the schedule filed by

the bankrupt, appeared and made proof of a claim against the estate of the bankrupt; and the question is submitted whether, upon the facts, the bankrupt can be ordered, upon the motion of the register, after the adjournment of the first meeting of creditors, to amend the schedules annexed to his petition to conform to the facts.

In regard to this question, the register says that the facts are not fully stated; that the proof of debt, in the case of Earle, averred that the persons against whom, jointly with the bankrupt, the judgment was obtained, were copartners with the bankrupt; and that, in the opinion of the register, he should have full power to order, on his own motion, necessary amendments, to make the schedules show all facts connected with debts, or else he should have no power so to do.

I am of the opinion that the bankrupt can be ordered, on the motion of the register. after the adjournment of the first meeting of creditors, to amend the schedules annexed to his petition, to conform to the facts.

The register states, in his certificate, that he is of the opinion that the registers are charged with the general supervision and care of cases referred to them, without regard to the fact whether creditors or assignees or bankrupts move for amendments, or any other action. I concur with the register in this view.